**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AFFINITYLIFESTYLES.COM, INC.,<br><br>　　　　　　Debtor.<br><br><br>OHIO SECURITY INSURANCE<br>COMPANY, *et al.*,<br><br>　　　　　　Plaintiffs,<br>　vs.<br>AFFINITYLIFESTYLES.COM, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:23-cv-00756-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the unopposed Motion to Withdraw the Reference, (ECF No. 1), filed by Plaintiffs Ohio Security Insurance Company, Peerless Indemnity Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company (collectively "Plaintiffs").

For the reasons discussed below, the Court GRANTS Plaintiffs' Motion to Withdraw to the Reference but will delay doing so until the matter is ready for trial.

**I.　BACKGROUND**

This case comes to the Court from the United States Bankruptcy Court for the District of Nevada, where Plaintiffs sued Defendants Affinitylifestyles.com, Inc. and several Real Water

Inc. entities (collectively, "Defendants") "seeking declaratory relief to resolve their rights and obligations under certain insurance policies issued by [Plaintiffs]." (Mot. Withdraw 4:4–5, ECF No. 1).  The Court incorporates the background and procedural history of this case from Plaintiffs' Motion to Withdraw Reference. (*Id.* 3:24–6:17).  On May 12, 2023, Plaintiffs filed the instant Motion to Withdraw Reference, (ECF No. 1), arguing that this Court ought to preside over the entire adversary proceeding.

## II.     LEGAL STANDARD

28 U.S.C. § 157 states, "Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).  In determining whether cause to withdraw exists, courts "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion Pictures Corp. v. Showtime Networks, Inc., (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  Following this determination, a district court should also consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms. v. Int'l Bhd. Of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101).

Where non-core issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's *de novo* review of non-core bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008–1009.  District courts have discretion to determine whether the moving party has shown sufficient cause to justify granting a motion to withdraw the reference. *In re Cinematronics, Inc.*, 916 F.2d at 1451; *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 215 (C.D.Cal.2014).

### III. DISCUSSION

#### A. Core vs. Non-Core

The Court begins by examining whether Plaintiffs' claims are core or non-core. Plaintiffs' Complaint asserts five claims seeking declaratory relief regarding the insurance policies at issue. (*See* Compl. ¶¶ 61–103, ECF No. 1 in Case No. 23-01082-NMC). Plaintiffs argue these claims "solely consist of determinations of the rights and obligations of the parties" and are thereby non-core issues because they involve "state law determinations of private contractual rights." (Mot. Withdraw Reference 13:8–9).

To determine whether a proceeding is core or non-core, courts look to see if the proceeding "is created by [T]itle 11 or . . . depends upon resolution of a substantial question of bankruptcy law." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 219 (D. Haw. 2006) (citations omitted); *see also Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1076-77 (9th Cir. 1991). 28 U.S.C. § 157, which contains a non-exhaustive list of matters considered core, also includes catch-all provisions stating that "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A), and "other proceedings affecting the liquidation of the assets of the estate" are core proceedings. *Id.* § 157(b)(2)(O); *Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 443 (N.D. Cal. 2016).

However, as courts recognize a broad definition of what is core may pose constitutional problems, the catch-all provisions in § 157 are construed narrowly. *See Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 162 (9th Cir. 1986); *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 740 (9th Cir. 2009). By contrast, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy[,] it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

      Here, the Court agrees with Plaintiffs that their claims are non-core. At bottom, Plaintiffs' declaratory relief claims involve state law determinations of private contractual rights, and as a result, are not created by Title 11. *See In re Eastport Assoc.*, 935 F.2d at 1076–77 (holding suit for declaratory judgment could have been brought in state court); *Weinsten v. Kuhl*, Nos. 18-cv-01351, 18-cv-01545, 2018 WL 4904901, at *4 (N.D. Cal. Oct. 9, 2018) ("Plaintiff's claim for declaratory judgment seeks the Court's interpretation of Navigators' insurance policy and is likewise a non-core claim."); *In re Temecula Bancorp*, 523 B.R. 210, 223 (C.D. Cal. 2014) (claim for declaratory relief "arising from a pre-petition contract is a non-core proceeding even if the debtor is a party to the contract at issue") (internal citation omitted). Furthermore, "Defendants are also entitled to a jury trial on Plaintiff[s'] claims for declaratory [relief] because the issues are legal in nature." *Burdette v. Emerald Partners LLC*, No. 15-cv-0816, 2015 WL 4394859, at *3 (W.D. Wash. July 16, 2015) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action.") (citing *Simler v. Conner*, 372 U.S. 221, 223 (1963)). Accordingly, the Court finds the instant matter implicates non-core issues for which the Defendants have a jury trial right.

      Nevertheless, the "determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference . . . ." *Hawaiian Airlines, Inc. v. Mesa Air Grp.*, 355 B.R. 214, 223 (D. Haw. 2006). Next, the Court considers the additional factors for permissive withdrawal. *Sec. Farms*, 124 F.3d at 1008.

      **B. Delay & Costs to the Parties**

      Plaintiffs contend the parties will save considerable time and costs through immediate withdrawal because the bankruptcy court "can neither enter a final order nor conduct the jury trial to which [Defendants] are entitled." (Mot. Withdraw Reference 20:14-16).

      "Considering the potential of delay and costs to the parties, it is true that the parties may incur additional costs should they seek review of pretrial decisions made by the bankruptcy

court in this Court, and that the Court's review of such decisions may cause delay." *MDIG Creditor Trust v. Wittenberg*, No. 21-cv-01463, 2022 WL 112269, at *4 (D. Ariz. Apr. 14, 2022). However, "'it is unclear that any delay or costs associated with declining to withdraw the bankruptcy reference outweigh the efficiencies gained by having the bankruptcy court preside over all pretrial matters in the first instance,' given the bankruptcy judge's" familiarity and expertise over bankruptcy law, in addition to the facts and "the issues in this case.'" *Id.* (quoting *In re Howrey LLP*, No. 13-cv-3910, 2014 WL 3725483, at *3 (N.D. Cal. July 15, 2014)). Therefore, this factor is at most neutral.

### C. Efficiency

This brings the Court to its determination of the efficient use of judicial resources. Plaintiffs argue the efficient use of judicial resources favor withdrawal because "this [C]ourt must ultimately hold the trial and also familiarize itself with all the facts and legal arguments." (Mot. Withdraw Reference 18:4–6). Thus, permitting immediate withdraw "prevents the duplication of use of judicial resources" by this Court and the bankruptcy court. (*Id.* 16:20).

While Plaintiffs are correct the bankruptcy court cannot conduct a jury trial in this action, "bankruptcy courts are not divested of pre-trial jurisdiction over matters which they ultimately be unable to decide." *In re Cedar Funding, Inc.*, 419 B.R. 807, 819 (B.A.P. 9th Cir. 2009) (citation omitted). Indeed, the Ninth Circuit has recognized that a party's Seventh Amendment right to a jury trial is not abridged by a bankruptcy court's retention of jurisdiction 'over pre-trial matters.'" *In re Prevo*, No. 2:21-cv-01701, 2022 WL 815748, at *2 (W.D. Wash. Mar. 17, 2022) (quoting *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (emphasis in original) (internal citations omitted)). Even where it withdraws the reference, a district court may nonetheless simultaneously refer all pre-trial matters back to a bankruptcy court. *See, e.g.*, *Burdette*, 2015 WL 4394859, at *2; *see also In re Gorilla Cos.*, LLC, 2009 WL 3241759, at *4 (D. Ariz. Oct. 2, 2009) (explaining that a court may "consider that judicial efficiency is best

served by allowing necessary pretrial issues, some of which may obviate the need for a jury trial altogether, to proceed in bankruptcy court").  This would promote judicial economy given the bankruptcy court's "unique knowledge of Title 11," *In re Healthcentral.com*, 504 F.3d at 787–88, and familiarity with this case. *See Weinstein*, 2018 WL 4904901, at *4 ("[I]t is more efficient for the bankruptcy court—which is already familiar with the law and facts—to continue adjudicating the case, rather than this Court essentially starting from scratch.").

"Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do[es] [the Court] ensure that our bankruptcy system is carried out." *Id.* at 788 (emphasis in original) (internal citation omitted); *see In re Castle Properties*, 781 F.2d 159, 161 (9th Cir. 1986) ("In noncore matters, the bankruptcy court ats as an adjunct to the district court, in a fashion similar to that of a magistrate or special master.").  Accordingly, "the bankruptcy court's knowledge of bankruptcy law and familiarity with the underlying facts of the action weigh in favor of keeping pre-trial matters with the bankruptcy judge." *Hjelmeset v. Cheng Hung*, No. 17-cv-05697, 2018 WL 558917, at *5 (N.D. Cal. Jan. 25, 2018); *see In re Gray*, No. 1:22-mc-00080, 2022 WL 2238795, at *3 (D. Idaho June 22, 2022) ("Defendant's right to a jury trial does not mean the Court must immediately withdraw the reference. Rather, it is permissible for the bankruptcy court to handle all preliminary matters up to the point of trial.").

### D.  Forum Shopping & Uniformity of Bankruptcy Administration

Here, "there is no concern about forum shopping or the uniformity of bankruptcy administration, because all the claims are non-core and thus 'this Court would have to conduct de novo review to the extent that the losing party had any objections." *Weinstein*, 2018 WL 4904901, at *4 (quoting *Everett*, 556 B.R. at 445)

In sum, while the Court agrees with Plaintiffs that withdrawal is ultimately appropriate, it disagrees that it is necessary at this juncture.  "Only be allowing the bankruptcy court to

retain jurisdiction over the action until trial is actually read do[es] [the Court] ensure that our bankruptcy system is carried out." *In re Healthcentral.com*, 504 F.3d at 787–88 (emphasis in original) (internal citation omitted).  Accordingly, "the Court will grant the unopposed [M]otion to [W]ithdraw the [R]eferance but will delay doing so until the bankruptcy court certifies that the matter is ready is for trial." *In re Farmers Grain, LLC*, No. 1:19-mc-10526, 2019 WL 5699073, at *1 (D. Idaho Nov. 4, 2019).

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Withdraw the Reference, (ECF No. 1), is **GRANTED** for the purpose of conducting trial of this matter.  This proceeding will be retained in the bankruptcy court for the handling of all pre-trial matters, until the parties are prepared to file motions for summary judgment.  If the parties choose to file a motion for summary judgment, the motion shall be filed in this district court case and a notice of motion for summary judgment shall be filed in the bankruptcy case so the bankruptcy court judge can certify the case is ready to have trial issues addressed.  If no motions for summary judgment are filed, the joint pre-trial order is due thirty (30) days after the close of discovery and it shall be filed in this district court case with a notice of joint pre-trial order filed in the bankruptcy case so that the bankruptcy judge can certify the case is trial ready.

**DATED** this __25__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT